**NAFANUA SOLIAI (F) of Nu'uuli, American Samoa, who is acting on behalf of herself, her five sisters and two brothers, Plaintiff**

**v.**

**APELU LELEUA (M) of Vaimoso, Western Samoa, now residing in Pago Pago, American Samoa, Defendant**

## No. 26-1963

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Nu'umau" in Pago Pago]

## July 12, 1963

Tuia, Counsel for Plaintiffs.
Manuma, Counsel for Defendant.

### OPINION OF THE COURT

ROEL, *Associate Justice.*

Came on to be heard the above entitled and numbered cause, wherein Mrs. Lafaga S. Beaver as representative of plaintiffs Nafanua Soliai and sisters and brothers appeared personally and by and through their counsel, Tuia; and defendant, Apelu Leleua, appeared personally and by and through his counsel, Manuma.

Plaintiffs filed a petition against defendant asking for defendant's eviction from plaintiffs' land Nu'umau, a parcel of land in the Village of Pago Pago.

On July 10, 1963, the three judges, members of this Court visited the site of the property concerned, in the presence of both parties to this suit.

The plaintiffs, children of Va (now deceased) and Soliai, claim the land Nu'umau as their individually-owned freehold land, the names of all the plaintiffs being as follows: 1. Nafanua (f), 2. Lefaga (f), 3. Noanoa (f), 4. Faiaso (f), 5. Talaitupu (f), 6. Toloai (m) and 7. Po'u (m).

The testimony and the evidence of plaintiffs was to the effect that the land in question was originally given to Va and her children, plaintiffs herein. The evidence showed that around the year 1913 or 1914 there was a death in the Te'o family; that three matais, members of the Te'o family, went to Soliai to get him to go and see Pi'o, Va's brother, and Soliai's brother-in-law, to make certain contributions to the funeral. Soliai refused to go and see Pi'o alone and invited the three matais to go themselves and see Pi'o. The three matais, Te'o (Falepopo), the present Te'o, Tauvaga and Faagata, together with Soliai, went to see Pi'o and, according to the testimony, Pi'o agreed to make certain contributions to the funeral if the land Nu'umau were given by the Te'o family matais to his sister Va and her children. According to the plaintiffs' testimony, the three matais agreed to make such conveyance to Va and her children in consideration for Pi'o furnishing the items for the funeral, and that Te'o had spoken for the group. Te'o admitted having gone with Soliai and the two others (now deceased) to see Pi'o to get him to contribute something for the funeral. After the funeral Soliai went to see Te'o about honoring the promise made to Pi'o and asked him to make the conveyance to Va and her children. The testimony indicated that Te'o kept putting Soliai off for several months

until Soliai told Te'o that he was going to bring a surveyor to survey the land Nu'umau and register it in the name of Va and her children, and Te'o refused to be present when the surveyor came.

The plaintiffs then introduced a certain plat of a survey of the land Nu'umau made on January 21, 1914, said instrument being found and recorded in Volume I, Page 124, Native Titles, into evidence, without any objection on the part of the defendant or his counsel after examining said instrument. Under questioning by counsel, two witnesses, Soliai and Mrs. Beaver, made a mark on the survey where they claimed defendant's house was situated and where defendant is presently living. They both testified they were positive that defendant's house was within the plat of the survey. The survey itself gives the name of the land as Nu'umau. Apart from setting out the metes and bounds of the surveyed land, the plat has the following information: "Name: Nu'umau; Village: Pago Pago; Surveyed by: A. Debelle; Date: Jan. 21, 1914; Area: $1^8/_{10}$ Acres; Scale: 1″ – 100′." The top left margin of Page 124 of Volume I, Native Titles reads as follows: "Folio 426 Registrars Journal." Within margin, starting at the top of the page, "Land—'Nu'umau at Pago Pago, owner Va, wife of Pine, and her children." Immediately following is the aforementioned plat of the land Nu'umau, which is pasted to the page. Below the plat is written the following: "I, A. Stronach, Registrar of Titles for the United States Naval Station, Tutuila, do hereby certify that the above plan is a true, full & correct copy of the plan of land at Pago Pago called 'Nu'umau' claimed by Va and her children, as filed in this office for registration & that notice of said registration was posted for 60 days, & there being no objection filed, the same is hereby registered. Dated at Fagatogo this 29th day of May 1914. /s/ A. Stronach, Registrar of Titles." On the margin at the bottom of the page appears the

following writing in red ink: "Recd & filed for registration May 28th & registered May 29th at 10:30 o'clock a.m. /s/ A. Stronach, Registrar."

Plaintiffs' evidence further showed that Soliai, together with Va and her children, plaintiffs herein, lived on the land known as Nu'umau from 40 to 50 years, and left Nu'umau only when Soliai was made a matai in Nu'uuli on or about 1925, and that from two to seven of Soliai's children were born in Nu'umau. The evidence further indicated that previous to the alleged promise to convey Nu'umau to Va and her children and previous to the survey in 1914 Nu'umau was communal land of the Te'o family. The evidence further showed that Soliai and family had a palagi style house while living in Nu'umau, and that Soliai sold said house upon moving to Nu'uuli. Plaintiffs' evidence further showed that defendant, Apelu, never asked permission of plaintiffs to live on said land, and that in 1946, upon learning of Apelu's presence on the land, plaintiffs went to see defendant and advised him that the land he was living on belonged to plaintiffs and that he, defendant, should get out. Defendant told plaintiffs to talk to Te'o. Testimony indicates that Te'o asked plaintiffs to allow Apelu to remain in Nu'umau so that he, Apelu, could render services to Te'o. Plaintiffs refused to grant Te'o's request and told him that if he wanted Apelu to render services to him he could assign him a piece of Te'o communal family land outside of Nu'umau. The evidence further showed that in 1952 or 1953 plaintiffs again told Apelu to get off the land. After Apelu refused, plaintiffs went to see the then Attorney General, Peter Coleman, who assured them that he would notify Apelu to vacate the land. Nothing further came from this complaint. As we stated before, two of plaintiffs' witnesses, Soliai and Mrs. Beaver, placed defendant's house in approximately the same area within the plat of the registered survey. Counsel for defendant de-

353

clined to cross-examine plaintiffs' witness, Mrs. Beaver. The evidence further showed that Va, mother of plaintiffs, died on May 16, 1955.

Defendant Apelu testified that he started living in his present house at the place in question in 1946 with Te'o's permission, and that he built the house later, probably in 1947. Apelu testified that Mrs. Beaver and one of her sisters told him on two occasions that the land belonged to plaintiffs and that he should move out. Under cross-examination, Apelu stated he would move out if Te'o asked him to do so. Apelu also testified Te'o had adopted him as his legal son after Mrs. Beaver's visit in December, 1952.

Te'o, 87 years old, took the stand as a defendant's witness. He testified he has been a matai since 1906. He stated that the land in question, Nu'umau, was surveyed by him and his family in 1912 and that said survey was filed with the Registrar of Titles. He offered no evidence or asked for any Registrar of Titles' documents to substantiate his claim. Te'o further claimed that Apelu's house was situated in Togaseasea and not in Nu'umau. He said Nu'umau land had been sold to the L.D.S. (Mormon Church). Te'o claimed he had a copy of a map of Nu'umau which he said he filed in 1912. Defendant's counsel, Manuma, claimed he had a copy of the map in his possession but refused to let Te'o identify it or introduce it into evidence. Te'o claimed plaintiffs never went to see him about getting Apelu out, even though the testimony of Soliai, Mrs. Beaver and Apelu is that Te'o was approached. Te'o said there was a meeting but not about Nu'umau or Apelu but about something else. On one occasion Te'o admitted he had gone to see Pi'o, together with Tauvaga, Faagata and Soliai, at the time of the alleged funeral. Te'o claimed at first that he knew nothing of the registration of the land Nu'umau in 1914 and then he testified he was in Upolu at the time of the registration and that he filed an objection. Te'o further stated that as a

result of said objection there had been a court case on the land Nu'umau in 1919 or 1920. The records do not reflect that there was either an objection to or a court case resulting from the registration of the Nu'umau survey in 1914 by Va and her children.

There was no evidence to substantiate the fact that the land in question has been used as communal land of the Te'o family since the survey and registration in 1914 or after Va and her children left Nu'umau to join Soliai as a matai in Nu'uuli. The only person from the Te'o family that has lived there is the defendant, Apelu, to which presence plaintiffs have objected on several occasions, and Apelu was not a member of the Te'o family until he was legally adopted by Te'o in 1952.

In his closing argument counsel for plaintiffs argued that the petition for eviction was proper and legal; that the land Nu'umau was the freehold, individually-owned land, of Va and her children; that said title or conveyance grew out of the promise of Te'o and the other matais to convey said land to Va and her children in return for Pi'o, Va's brother, furnishing certain necessities for a funeral; that said conveyance was legal under the existing Samoan customs at the time; that upon said promise to convey said land, Nu'umau changed from communal land of the Te'o family to freehold individually-owned land of Va and her children; that based on the promise to convey the land, a survey of the land was made and registered in the name of Va and her children as shown on page 124 of Volume I of Native Titles; that notice of said registration was posted for 60 days and that no objection whatsoever was filed upon said registration; that both Soliai and Lafaga (Mrs. Beaver) accurately identified and spotted the place in the survey where defendant's house is situated, and that defendant's house is situated within Nu'umau.

355

Manuma, counsel for defendant, Apelu, argued that Nu'umau is the communal property of the Te'o family; that Apelu occupied the land with Te'o's permission; that the survey of 1914 was made without authority from the Te'o family. Counsel for defendant stated that there was in fact no case filed in court after the 1914 registration of the survey by Va and her children; that his (Manuma's) father (Soliai's brother), wrote Te'o at Upolu to return when notice of the land registration was posted but that there was no objection filed.

 After viewing the land in question and after considering the testimony and the evidence presented at the trial, it is the unanimous opinion of the Court that the parcel of land called Nu'umau in the Village of Pago Pago, as represented by the survey filed on Page 124 of Volume I, Native Titles, is the property of the seven (7) plaintiffs in this action, jointly; that following the registration on May 29, 1914, the land Nu'umau was the property of Va and her children; that upon the death of Va, her share passed to her children. That as a result of the conveyance and subsequent registration for the benefit of Va and her children, the parcel of land known as Nu'umau is the joint property of the plaintiffs in fee simple. The Court is further of the opinion, being satisfied from the evidence, that defendant's house is presently situated within the boundaries of the land Nu'umau as represented by the plat of the survey registered by Va and her children in 1914, and that plaintiffs' action for eviction against defendant, Apelu, has been proven.

In conclusion, it is the unanimous decision of the Court, and it is hereby ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. That the land known as Nu'umau in the Village of Pago Pago, as surveyed and recorded on Page 124, Volume

I, Native Titles, is the joint freehold property of the plaintiffs.

2. That the house of defendant, Apelu Leleua, is presently situated within the boundaries of the land Nu'umau which belongs to the plaintiffs, and that defendant, Apelu, is on such land wrongfully.

3. That plaintiffs' request for eviction of defendant be, and the same is hereby, granted. That defendant, Apelu Leleua, is hereby ordered to remove his house from said land and out of Nu'umau land within six (6) months from the date of the filing of this decision.

Court costs in the amount of fifteen ($15.00) dollars to be paid by defendant, Apelu Leleua, within 30 days.